| | |
|---|---|
| AURORA CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY BRAWLEY, as an individual, and as Trustee for the "Nancy Brawley Trust" and DOES 1-50, Inclusive,<br><br>    Defendants. | Case No. 1:17-cv-01767-LJO-BAM<br><br>ORDER DENYING APPLICATION FOR STAY AND EARLY EVALUATION CONFERENCE<br><br>(Doc. Nos. 7, 8) |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I.  Introduction

Plaintiff Aurora Cervantes brought this action against Defendant Nancy Brawley, as an individual and as trustee for the Nancy Brawley Trust, as well as Does 1-50, inclusive, arising from alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., as well as various California statutes, including the Unruh Civil Rights Act and the California Disabled Persons Act.

Although not noticed for hearing, Defendant Nancy Brawley filed an application to stay this action and refer the parties to an early evaluation conference pursuant to California Civil Code § 55.54, or in the alternative, a mandatory evaluation conference pursuant to California Civil Code § 55.545. (Doc. No. 7.) Defendant Nancy Brawley also filed a document entitled "Notice of Stay of Proceedings and Early Evaluation Conference (Construction-Related

Accessibility Claim)" to be issued by the Clerk of the Court. (Doc. No. 8.)

For the reasons that follow, Defendant Nancy Brawley's application for stay and evaluation conference shall be denied.

## II. Discussion

Under California law, the Construction–Related Accessibility Standards Compliance Act, Cal. Civ. Code §§ 55.51–55.54, "entitles some defendants in construction-related accessibility suits to a stay and [an early] evaluation conference for the lawsuit." *O'Campo v. Chico Mall, LP*, 758 F.Supp.2d 976, 983 (E.D.Cal. 2010) (Karlton, J.) (citing Cal. Civ. Code § 55.54(b)(1)). "However, section 55.54's provisions are preempted by the ADA and cannot be applied to plaintiff's ADA claim." *Lamark v. Laiwalla*, No. CIV. 2:12-3034 WBS AC, 2013 WL 3872926, at *1 (E.D. Cal. July 25, 2013); *see also Noble v. Merlo*, No. 2:16-cv-1571 TLN DB PS, 2016 WL 5724950, at *1 (E.D. Cal. Oct. 3, 2016) (same); *Moreno v. Vohra*, No. 1:14-cv-00539 AWI MJS, 2014 WL 2721770, at *1 (E.D. Cal. June 16, 2014) (same).

**"**It further appears that all California federal courts to have considered the issue have found that, under *Erie Rail Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and related cases, a federal court should not apply the procedures of California Civil Code section 55.54 to supplemental state law claims either because its provisions are not outcome determinative." *Lamark*, 2013 WL 3872926, at *1; *see also O'Campo*, 758 F.Supp.2d at 985; *Noble*, 2016 WL 5724950, at *1; *Moreno*, 2014 WL 2721770, at *1.

Although a court also may stay an action under its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936), the defendant has not made a sufficient showing that a stay is appropriate or necessary in this case. Therefore, the Court will deny defendant's application for stay and evaluation conference.

///

///

///

…

**III. Order**

Based on the foregoing, Defendant Nancy Brawley's application for stay and evaluation conference is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **February 16, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE